CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 18 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| W. CLARKSON MCDOW, JR., UNITED STATES TRUSTEE FOR REGION FOUR, *Appellant*, v. MICHAEL LEE FULCHER, ANNE WESLEY FULCHER, *Appellees*. | CIVIL ACTION NO. 3:05-CV-00024 BANKRUPTCY NO. 6-05-01442  MEMORANDUM OPINION  JUDGE NORMAN K. MOON |

Before the Court is the United States Trustee's appeal from an order by the United States Bankruptcy Court, denying the Trustee's motion to dismiss the above-captioned case for substantial abuse. For the reasons set forth below, this Court will remand the case to the Bankruptcy Court for further proceedings.

## I. PROCEDURAL HISTORY

On April 12, 2004, Appellees Michael Lee Fulcher and Anne Wesley Fulcher (collectively, "the Fulchers"), filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701, *et seq.* The U.S. Trustee reviewed Appellees' petition and schedules, and then filed a motion to dismiss the case for substantial abuse under 11 U.S.C. § 707(b). The Trustee argued that dismissal was appropriate because Appellees had primarily consumer debt and could pay off almost all of their debts to unsecured creditors through a

Chapter 13 repayment plan. 11 U.S.C. §§ 1301, *et seq.* (2004). The Trustee also contended that Appellees had substantially understated their income.

After an evidentiary hearing, the Bankruptcy Court denied the U.S. Trustee's motion to dismiss for substantial abuse. The Bankruptcy Court found that Appellees had primarily consumer debt; however, the court determined that it would not be a substantial abuse of the provisions of Chapter 7 of the Bankruptcy Code to grant relief. In coming to this conclusion, the Bankruptcy Court held that "whether a debtor's disposable income is to be given more or less consideration than other factors is to be determined on a case-by-case basis." Op. at 7. The Bankruptcy Court also found that Michael Fulcher's overtime pay should not be used in calculating the Fulchers' disposable income, and that Appellees' proposed family budget was not excessive. Op. at 19, 22.

The U.S. Trustee has filed a timely Notice of Appeal. Appellant argues that the Bankruptcy Judge applied an inapposite legal standard in denying the motion to dismiss, erred in holding that Appellee Michael Fulcher's compensation for overtime work should not be considered in calculating his disposable income, and improperly allowed the Appellees to retain three vehicles requiring substantial monthly payments when calculating a potential budget for a Chapter 13 plan. The Parties have agreed that this Court may decide the case without a hearing.

## II. STATEMENT OF FACTS

Appellees earned $109,896 gross income from wages in 2002. In 2003, their gross income was $110,092, from both wages and unemployment compensation.

In August of 2002, Appellees purchased a new Harley Davidson motorcycle by trading in two motorcycles and incurring some new secured debt. The Fulchers paid off that debt with the

2

proceeds of a January, 2003 loan secured by a second deed of trust on their residence. In October of 2002, they purchased a horse trailer for approximately $15,000. The monthly payment for that trailer was $350. In June, 2003, Appellees purchased a 2003 Chevrolet Silverado by trading a 1997 GMC truck and incurring additional secured debt of approximately $29,500. The monthly payment on the Silverado was $809. Defendants also owned a 2001 Jeep Cherokee valued at $11,410 at the time of filing, with a monthly payment of $474.

During 2002, Anne Fulcher earned $35,445 from a job that she had held for 16 years, with Merchant's Tire. In June of 2003, she lost her job because of layoffs at the company. After three or four months, she found another job with Lantern Lane Farm, Inc. ("Lantern Lane"). During 2003, she earned $25,987.06 from Merchant's Tire, including separation pay. She also earned $5,088.00 in unemployment compensation, and $3,569.85 from Lantern Lane. Her total income in 2003 was $34,644.91.

On April 12, 2004, Appellees filed a Chapter 7 petition. They disclosed that Anne Fulcher is now employed as a bookkeeper and earns approximately $1,557.00 per month. Anne Fulcher also earns about $400 a month from Lantern Lane for activities other than bookkeeping. The U.S. Trustee does not challenge Anne Fulcher's scheduled gross income of $1,957.00 and scheduled net income of $1,693.11.

Appellees also disclosed that Michael Fulcher has been a service technician for four years, and earns approximately $5,633 per month. The U.S. Trustee asserts that this income is understated, and computes his average gross monthly income as $6,161.01, including overtime income.

3

## III. ANALYSIS

### A. Standard of Review

A district court reviews a bankruptcy court's conclusions of law *de novo*, and findings of fact under a clearly erroneous standard. Fed. R. Bankr. P. 8013, *Amer. Nat. Bank & Trust Co. v. De Journette*, 222 B.R. 86, 92 (W.D. Va. 1996).

### B. Discussion

The Fulchers have filed a petition under Chapter 7 of the Bankruptcy Code, which eliminates all debts and provides a "fresh start" for debtors, in lieu of paying off their debts under a Chapter 13 wage earner's plan. *See Green v. Staples*, 934 F.2d 568, 570 (4th Cir. 1991). The Trustee challenges their case under 11 U.S.C. §707(b), which Congress enacted to help prevent debtors from taking unfair advantage of Chapter 7's provisions. The statute provides that a court may dismiss a case if the debts are primarily consumer debts, and if the court "finds that the granting of relief would be a substantial abuse of the provisions" of the chapter. 11 U.S.C. §707(b).

In this case, there is no dispute that Appellees' debt is primarily consumer debt. Thus, the question at issue here is whether granting relief to Appellees would constitute substantial abuse. The Trustee's basic contention is that substantial abuse exists because the Fulchers have enough income to sustain a Chapter 13 plan.

1. *The Substantial Abuse Analysis*

First, the Trustee takes issue with the legal standard that the Bankruptcy Court used in the case. Appellant argues that the debtor's ability to repay should be the primary factor in determining whether substantial abuse exists. Here, the Bankruptcy Court held that "whether a

4

debtor's disposable income is to be given more or less consideration than other factors is to be determined on a case-by-case basis." Op. at 7.

The Fourth Circuit has expressly disavowed an approach in which the ability to pay is in itself sufficient to demonstrate substantial abuse. *Green*, 934 F.2d at 572. The *Green* court adopted a "totality of the circumstances" test for determining whether substantial abuse exists. *Green* listed five factors that courts should evaluate, including "(1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment; (2) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay; (3) Whether the debtor's proposed family budget is excessive or unreasonable; (4) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and (5) Whether the petition was filed in good faith." *Id.*

This Court finds that under *Green*, the debtor's ability to repay is the primary factor in the substantial abuse inquiry. *Id.* In that case, the Fourth Circuit noted that the majority of cases had found that the debtor's ability to repay is the primary factor in the substantial abuse analysis. *Id.* In the next sentence, the *Green* court observed that "the consensus among these courts" is that a totality of the circumstances test is the proper means of determining whether substantial abuse exists, and proceeded to adopt such a test. *Id.* Thus the wording in the case, without explicitly endorsing the ability to pay as a primary factor, suggests that the Fourth Circuit has adopted what it found to be the majority view: that courts should use a totality of circumstances test to determine whether substantial abuse exists, and weight the ability to repay most heavily. Other courts have also given *Green* this interpretation. *See U.S. Trustee v. Harrelson*, 323 B.R. 176

(W.D. Va. 2005); *In re Shaw*, 310 B.R. 538, 542 (M.D.N.C. 2004); *In re Pilgrim*, 135 B.R. 314, 319 (C.D. Ill. 1992).

It should be reiterated, however, that the Court in *Green* specifically rejected the idea that the ability to pay could merit dismissal for substantial abuse without other aggravating factors. *Green*, 934 F.2d at 571. Therefore, although the ability to repay may be the principle factor in the substantial abuse analysis, its existence, without more, is not enough to dismiss the case.

2. *The Disposable Income Calculation*

The U.S. Trustee contends that, in determining whether Appellees could afford to sustain a Chapter 13 plan and repay their debts, Michael Fulcher's overtime compensation should be included in the calculation of his disposable income. There has been considerable discord among courts concerning such compensation. Some courts believe that they "should not use any standard of previous earnings which is based upon extraordinary work efforts by a debtor." *In re Attanasio*, 218 B.R. 180, 215 (Bankr. N.D. Al. 1998) (quoting *In re Hampton*, 147 B.R. 130, 131 (Bankr. E.D. Ky. 1992). In addition, courts have been reluctant to base income calculations on overtime compensation because the amount of overtime worked can be beyond the debtor's control. *See Commercial Credit Corporation v. Killough*, 900 F.2d 61, 65 (5th Cir. 1990) (upholding bankruptcy court's determination that debtor could not work the same amount of overtime that she had previously, due to poor health). However, other courts have found suggestions of bad faith when a debtor claims, for insubstantial reasons, to be unable to work the number of overtime hours worked in the past. *See In re Helmick*, 117 B.R. 187 (Bankr. W.D. Pa. 1990), *In re Carlton*, 211 B.R. 468 (Bankr. W.D. N.Y. 1997).

In the instant case, Michael Fulcher works in the construction industry. Apparently, he generally works fewer hours in the off-season, and then makes up the difference by working overtime during the busy season. The Trustee alleges that this is a common practice in the construction industry, rather than evidence of Michael Fulcher's "extraordinary efforts." The Fulchers have not denied this claim. Nor have the Fulchers suggested that Michael Fulcher will be unable to work overtime in the future. In these circumstances, it seems as though the Court would be doing more than granting Fulcher the benefit of the doubt by withholding his overtime compensation from the calculation of Appellees' disposable income; instead, the Court would be disregarding the realities of the construction industry. Michael Fulcher will apparently continue to work overtime, and although the Court should not require him to overexert himself on behalf of his creditors, neither should the Court ignore the extra income that he will doubtless earn. Therefore, this Court holds that Appellees' disposable income should include at least some of Michael Fulcher's overtime compensation.

3. *The Fulchers' Budget*

The Bankruptcy Court also evaluated the Fulchers' budget with an eye to Appellees' ability to fund a Chapter 13 plan. The Trustee contends that the Bankruptcy Court committed clear error in allowing Appellees to include the payments on the Chevrolet Silverado and the trailer in their budget, and that instead these vehicles should be surrendered to pay off debt to their creditors. The Bankruptcy Court reduced the trailer payments to $100, as an expense for pet maintenance. Op. at 13. The court also reduced the Silverado payments from $807.69 to $500.00 a month, finding the former amount excessive. *Id.* Thus, the Bankruptcy Court, in

7

determining a potential budget, carefully considered the Fulchers' financial situation and reduced their expenses by $557.69. *Id.* The Court finds that the Bankruptcy Court's decision was not clearly erroneous.

### III. Conclusion

The Court will remand this case to the Bankruptcy Court with instructions to apply the totality of the circumstances test as set forth in this Opinion and including an appropriate amount of Michael Fulcher's overtime compensation as part of Appellant's disposable income.

An appropriate Order shall issue this day.

ENTERED: *[signature]*
United States District Judge

January 18, 2006
Date